IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LIGHT OF THE WORLD GOSPEL MINISTRIES, INC.,<br><br>          Plaintiff,<br><br>   vs.<br><br>VILLAGE OF WALTHILL, Nebraska;<br><br>          Defendant. | 8:18CV312<br><br>ORDER |

      This matter is before the Court on (1) Plaintiff's Motion for Partial Stay or Protective Order and to Bifurcate (Filing No. 74); (2) Defendant's Motion to Compel, to Deem Certain Requests Admitted and to Expedite Briefing (Filing No. 77); and (3) Defendant's Motion for Authority to Issue Subpoenas Duces Tecum (Filing No. 95). For the reasons set forth below, Plaintiff's Motion for Partial Stay will be denied; Defendant's Motion to Compel will be granted, in part; and Defendant's Motion for Authority to Issue Subpoenas Dues Tecum will be granted.

## BACKGROUND

      Plaintiff filed this suit on July 2, 2018, seeking declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202. (Filing No. 1.) Plaintiff filed an Amended Complaint on August 27, 2019 again seeking declaratory and injunctive relief, as well as "nominal and compensatory damages" under § 2202. (Filing No. 13.)

      On April 5, 2019, Plaintiff served Federal Rule of Civil Procedure 26(a)(1) disclosures. (Filing No. 78-2.) In its disclosures, Plaintiff stated it had "incurred significant costs, expenses, and lost opportunities because of [Defendant's] failure to comply with the law" and that discovery would "lead to information that will expand or otherwise modify" its claimed damages. (Filing No. 78-2.) On September 24, 2019, Plaintiff served amended Rule 26(a)(1) disclosures which set out a summary of damages claimed by Plaintiff totaling approximately $1,093,111.00. (Filing No. 78-3.)

On October 30, 2019, the Court held a telephone conference with the parties regarding a mediation scheduled for November 22, 2019. (Filing No. 53.) Defendant's counsel informed the Court that Defendant would need discovery regarding Plaintiff's damage claims to obtain sufficient settlement authority to meaningfully participate in mediation. The Court gave the parties until November 13, 2019 to determine whether mediation could proceed.

On November 2, 2019, Defendant's counsel sent a letter to Plaintiff's counsel requesting documentation regarding Plaintiff's damages claims and requested documentation pursuant to Federal Rule of Civil Procedure 26(a)(1). (Filing No. 78-1.) On November 11, 2019, Plaintiff produced 945 pages of documents. (Filing No. 78-1.) According to Defendant, these were the same documents that Defendant previously produced to Plaintiff. (Filing No. 78-1.)

On November 13, 2019, Defendant's counsel sent Plaintiff's counsel a letter stating that Defendant would not be able to obtain settlement authority before the mediation because Plaintiff had not produced documents substantiating its damage claims. (Filing No. 78-1.) That day, Defendant's counsel also notified the Court that the parties were unable to proceed with mediation. Consequently, the Court entered the Third Amended Progression Order on November 22, 2019. (Filing No. 55.)

On November 26, 2019, Defendant served Plaintiff with requests for production of documents, requests for admission, and interrogatories. (Filing No. 78-1.) Defendant served Plaintiff with amended requests for production of documents, requests for admission, and interrogatories on December 4, 2019. (Filing No. 78-1.) Plaintiff served objections and answers to the discovery requests on January 3, 2020. (Filing Nos. 78-5; 78-6; 78-7.) Plaintiff asserted numerous objections, including objections to each request for production of documents. Plaintiff did not produce any documents. The attorneys for the parties thereafter undertook a meet and confer process which failed to resolve the discovery dispute. (Filing No. 78-1.) Counsel contacted the Court regarding the matter and were given leave to file motions to compel.

On January 28, 2020, Plaintiff served a second amended Rule 26(a)(1) disclosure stating that Plaintiff was not seeking money damages at this time and, instead, would defer any effort to

obtain money damages until after the Court determines if and what declaratory relief is warranted. (Filing No. 78-8.)

On February 17, 2020, Plaintiff filed the instant Motion for Partial Stay or Protective Order and to Bifurcate. (Filing No. 74.) Defendant filed its Motion to Compel on February 18, 2020. (Filing No. 77.)

On February 18, 2020, Defendant served Plaintiff with notice of its intent to serve subpoenas duces tecum on CharterWest National Bank—Walthill ("CharterWest") and Wayne State College ("Wayne State"). (Filing No. 80.) On February 20, 2020, Defendant served a notice of intent to serve a subpoena duces tecum on Varco Pruden Buildings d/b/a/ VP Buildings ("VP Buildings"). (Filing No. 81.) On February 27, 2020, Defendant's counsel received a letter from Plaintiff's attorney objecting to the proposed subpoenas. Counsel conferred to resolve the objections but were unable to do so. Defendant filed its Motion for Authority to Issue Subpoenas Duces Tecum (Filing No. 95) on March 4, 2020.

## DISCUSSION

**1. Defendant's Motion to Compel; Plaintiff's Motion for Partial Stay or Protective Order and to Bifurcate**

Defendant seeks an order compelling Plaintiff to fully respond to its interrogatories, requests for admission, and requests for production of documents. Defendant represents that Plaintiff improperly objected to its discovery requests and failed to produce any documents. Defendant further argues that because Plaintiff did not produce a privilege log identifying documents withheld based on privilege, Plaintiff waived any such objections. Defendant also asks the Court to deem the requests for admission admitted. Defendant contends Plaintiff inappropriately objected to certain requests stating that it lacked information to admit or deny and, for that reason, the requests should be found admitted. Defendant's motion further asks the Court to order Plaintiff to produce the documents Plaintiff identified in its Rule 26(a)(1) disclosures.

In response to Defendant's Motion to Compel, Plaintiff did not address most of Defendant's arguments regarding the propriety of Plaintiff's objections to the discovery requests,

3

instead focusing upon perceived deficiencies in the parties' attempts to meet and confer. Plaintiff's primary substantive argument in opposition to Defendant's motion is that discovery regarding damages should be stayed until it obtains declaratory and injunctive relief. Plaintiff also argues discovery seeking information that could potentially identify its members, congregants, and volunteers would violate the First Amendment.

In its Motion for Partial Stay or Protective Order and to Bifurcate, Plaintiff again argues that discovery regarding damages should be postponed until it obtains declaratory and injunctive relief. Plaintiff contends staying damages discovery would reduce expense and promote efficiency by eliminating discovery that will be unnecessary if (1) Defendant is successful in this suit, (2) the parties enter into a voluntary settlement, or (3) Plaintiff elects not to seek damages following entry of a declaratory judgment in its favor. Plaintiff also requests that the Court bifurcate this action to separate the issues of liability and damages.

### A. Damages Discovery

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 "is to be construed broadly and encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hodges v. Pfizer, Inc., Civ. No. 14-4855-ADM/TNL, 2016 WL 1222229, *2 (D. Minn. March 28, 2016) (internal quotation omitted).

Plaintiff's Amended Complaint seeks nominal and compensatory damages under 28 U.S.C. § 2202, which allows a party to pursue "[f]urther necessary or proper relief based on a declaratory judgment or decree." 28 U.S.C. § 2202. On January 28, 2020, Plaintiff served a second amended Rule 26(a)(1) disclosure stating it was not seeking money damages at this time and, instead, would defer any effort to obtain damages until after the Court determines if and what declaratory relief is warranted. Based on its deferral, Plaintiff contends discovery regarding damages is irrelevant.

Having considered the matter, the Court finds damages discovery is relevant and will order Plaintiff to engage in discovery regarding this topic. Plaintiff's proclamation that it will defer any effort to obtain money damages until after the Court determines if it is entitled to

4

declaratory/injunctive relief does not render damages discovery irrelevant. Plaintiff "cannot, by [its] sole insistence, declare evidence undiscoverable and irrelevant merely because it does not fit into [its] own theory of the case." *Sentris Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 926 (8th Cir. 2014). The Amended Complaint seeks nominal and compensatory damages. Defendant has the right to explore this claim for relief. *See McAllister-Lewis v. Goodyear Dunlop*, No. 4:14–CV–04103–LLP, 2015 WL 4886539, at *11 (D.S.D. Aug. 17, 2015) ("A party seeking discovery should not be limited by its opponent's theory of the case in determining what is discoverable."). Plaintiff cannot unilaterally dictate the sequence and timing of discovery, and Plaintiff has made no showing that it would be prejudiced if damages discovery goes forward.

Contrary to Plaintiff's assertion, postponing damages discovery will not promote the efficient resolution of this suit. Although Plaintiff claims it has not determined precisely what categories of damages, or what amount, it will seek, it has acknowledged it will seek monetary relief if successful in this action. Therefore, if Plaintiff ultimately succeeds on its request for declaratory relief, damages discovery will have to occur before this suit is resolved. Also, it is doubtful Defendant will ever enter into a voluntary settlement without damages discovery, as evidenced by Defendant's earlier refusal to participate in mediation based on lack of this discovery.

Moreover, separating damages and liability discovery will likely increase the number of discovery disputes. The question that will inevitably arise is whether certain discovery requests relate to liability, damages, or both. Disputes of this nature will result in increased court involvement and delay. *See City of Pontiac Gen. Emps. Ret. Sys. V. Wal-Mart Stores, Inc.*, Case No. 12-CV-5162, 2015 WL 11120408, at *1 (W.D. Ark. June 18, 2015) ("If the Court were to bifurcate discovery, it would likely be forced to spend time and resources resolving endless discovery disputes over what is merit discovery and what is class discovery. Thus, bifurcation would lead to further delay in the resolution of the litigation."). Accordingly, Plaintiff will be ordered to supplement its answers to Defendant's discovery requests.

      **B.**    **Plaintiff's Objections Based on the First Amendment and Pastoral Privilege**

Plaintiff objected to multiple discovery requests on grounds that the requests were "calculated to annoy, embarrass, and oppress [Plaintiff] and its congregants, attendees, and members" and that responding would "violate [Plaintiff's] members', congregants', and attendees'

5

constitutional rights to privacy, free assembly, and free exercise, and would subject them to reprisal, threats, and other manifestations of public hostility." (Filing Nos. 78-5; 78-6.) Plaintiff also objected based on "pastoral privilege." The discovery requests at issue generally seek information regarding Plaintiff's employees, congregants, finances, volunteers, attendance rates, and recruitment efforts.

Plaintiff's objections based on the First Amendment are without merit. Plaintiff made the decision to file this lawsuit alleging that is has suffered financial losses, decreased membership, and difficulty recruiting members based on actions purportedly taken by Defendant. Plaintiff's initiation of this lawsuit opened the door for discovery regarding matters relevant to its claims, which includes the information set-out above. Case law supports this conclusion. For instance, a court has found that because a plaintiff-church decided to initiate litigation, requiring the church to produce financial and membership information did not violate constitutional rights. *World Mission Soc'y Church of God v. Colon*, No. BERL527412, 2013 WL 10569108, at *10 (N.J. Super. L. Aug. 7, 2013). The court stated that religious organizations are held to the same burden of proof as other litigants. *Id*. Plaintiff's status as a religious organization does not shield it from its discovery obligations. Although Plaintiff maintains that disclosure of its members' identities could put its members' safety at risk, Plaintiff has not presented any evidence to support this assertion.

Plaintiff's objections based on the "pastoral privilege" are likewise improper. The "pastoral privilege" protects confidential communications made by a parishioner to a pastor "in his professional character as spiritual advisor." Neb. Rev. Stat. § 27-506. The privilege may only be asserted by the parishioner or pastor. *Id*. Defendant's discovery requests do not seek privileged communications between Plaintiff's members and a clergyman. Rather, Defendant seeks information such as the names of prospective congregants, the identity of Plaintiff's volunteers, and monetary gifts Plaintiff received. The pastoral privilege is inapplicable to the discovery requests at issue.

### C. Other Objections to Defendant's Discovery Requests

In addition to the objections specifically discussed above, Plaintiff asserted the following objections to Defendant's discovery requests: (1) vague, ambiguous, overly broad; (2) unduly

burdensome; (3) work product and attorney-client privilege; (4) in Defendant's documents or files; (5) not reasonably calculated to lead to the discovery of admissible evidence; (6) calculated to annoy, embarrass, and oppress Defendants, its members, and congregants; (7) cumulative or duplicative; (8) fails to identify what is requested with reasonable particularity; (9) mischaracterization; (10) incomplete; (11) without sufficient information to admit or deny; (12) failure to admit or deny; (13) referenced document speaks for itself; (14) implies a legal obligation that does not exist; (15) compound; and (16) exceeds the number of interrogatories allowed by Federal Rules of Civil Procedure. (Filing Nos. 78-5; 78-6; 78-7.)

In response to Defendant's Motion to Compel, Plaintiff did not address the propriety of each of its objections. Therefore, for purposes of brevity, the Court will not discuss each objection and discovery requests separately. Upon review, the Court finds the objections, other than those based upon attorney-client privilege and work product, improper.[1] Accordingly, Plaintiff will be ordered to provide supplemental responses to Defendant's discovery requests.

The Court will not, however, deem Plaintiff's objections based on attorney-client privilege or work product improper at this time or find these privileges have been waived. The Court concludes that declaring a waiver based on Plaintiff's failure to produce a privilege log would be unduly prejudicial under the circumstances presented here. Further, without additional information regarding the nature of the documents or information Plaintiff maintains is privileged, the Court cannot decide the validity of these objections. Therefore, the Court will order Plaintiff to produce a privilege log, specifically identifying each document withheld based on privilege or work product. The privilege log should specifically state and describe the basis upon which privilege or work product is claimed. If Defendant believes Plaintiff's assertion of privilege over certain materials or information is improper, counsel shall confer to resolve the issue. If counsel is unable to resolve the dispute, Defendant may contact the Court to schedule a telephone conference.

---

[1] Even if Defendant exceeded the number of interrogatories allowed by Federal Rule of Civil Procedure 33, the Court finds the nature of this litigation justifies a greater number of interrogatories.

### D. Requests for Admission

Defendant asks that the Court deem its requests for admission admitted. The Court declines to do so.[2]

Under Federal Rule of Civil Procedure 36, a party may serve on the opposing party "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). The responding party may admit the request, deny it, state that the party lacks the ability to admit or deny it after a reasonable investigation, or object to it. Fed. R. Civ. P. 36(a)(4-5). Rule 36(a)(4) states:

> If a matter is not admitted, the answer must *specifically deny* it or *state in detail* why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if* the party states that it has made reasonable inquiry and that the information it knows or can *readily obtain* is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4) (emphasis added).

The party who served a request for admission "may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36. If the court finds that an objection is not justified, it must order that an answer be served. *Id*. Upon a finding that an answer does not comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." *Id*. "The party opposing a motion to determine sufficiency bears the burden of persuading to show the court that its objection to the request is warranted or that its answer is sufficient." *Valley Hous. Ltd P'ship v. City of Derby*, No. 3:06CV1319 (RNC), 2008 WL 178587, at *1 (D. Conn. Jan. 17, 2008).

---

[2] As mentioned above, Plaintiff did not address the propriety of each of its objections to Defendant's discovery requests in response to Defendant's Motion to Compel. Therefore, the Court will not undertake a full examination of each request for admission. However, the Court will discuss a few notable objections in detail below.

Plaintiff objected to Requests for Admission Nos. 10, 14-21, 26, 41, and 42 claiming it had insufficient information to admit or deny. However, Plaintiff did not state in its responses whether it made a reasonable inquiry to either admit or deny the requests. *See* Fed. R. Civ. P. 36(a)(4) (stating that when a party claims it cannot admit or deny, it must indicate it "has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny"). Plaintiff must amend its responses to the requests for admission. If Plaintiff truly lacks sufficient information to admit or deny, it must indicate in its responses that it has, in fact, made a reasonable inquiry to learn or obtain the answer as required by the Federal Rules of Civil Procedure.

Defendant objected to requests for admission 30, 43, 44, 45, and 46 on the basis that Defendant's Zoning Ordinance "speaks for itself." Such objections do not comply with Rule 36. *See Booth Oil Site Admin. Group v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000) ("[A]s a statement of a document's text is a matter of fact, a request calling upon a party to admit or deny that such quoted material is the actual text of an identified document, relevant to the case, may not be ignored on the ground that the request seeks an interpretation of the text or that the document in question 'speaks for itself.' Documents do not speak, rather, they represent factual information from which legal consequences may follow. The existence of a referenced document and whether it contains a particular provision may well present factual issues of importance to the case"); *Diederich v. Department of Army,* 132 F.R.D. 614, 617 (S.D.N.Y.1990) ("objections that documents . . . 'speak for themselves' . . . also are also improper").

Moreover, Plaintiff objected to requests for admission 5-7, 32-40, and 47 on the basis that they are "incomplete." However, Defendant did not explain why it believes these requests are incomplete. Rule 36 requires Plaintiff to admit the requests, deny them, state that it lacks the ability to admit or deny it after a reasonable investigation, or object to it. Fed. R. Civ. P. 36(a)(4-5). Plaintiff cannot merely assert that the requests are incomplete.

For all the reasons explained in this Order, the Court will order Plaintiff to supplement its responses to Defendant's requests for admission. Although Plaintiff's responses are deficient, the Court will not deem the requests for admission admitted. The Court finds that doing so would not promote the presentation of this case on its merits. Further, the Court concludes that allowing

9

Plaintiff to amend its responses at this point in the litigation would not prejudice Defendant. Therefore, Defendant's request that the Court deem the requests for admission admitted will be denied, but Plaintiff will be ordered to supplement its responses in accordance with this Order and in full compliance with Rule 36.

### E. Documents Identified in Plaintiff's Rule 26(a)(1) Disclosures

Under Federal Rule of Civil Procedure 26(a)(1), a party must, without awaiting a discovery request, provide to the other parties: (1) the name and, if known, address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (2) a copy, or a description by category and location, of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; (3) a computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Federal Rule of Civil Procedure 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and (4) for inspection and copying as under Federal Rule of Civil Procedure 34 any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. Fed. R. Civ. P. 26(a)(1).

Plaintiff has refused to produce documents identified in its initial disclosures. As the Court stated above, information regarding Plaintiff's request for damages is relevant and discovery regarding damages is proper at this time. Plaintiff must immediately produce the documents or other evidentiary material, unless privileged or otherwise protected, upon which its damages computation is based as required by Fed. R. Civ. P. 26(a)(1). Plaintiff must produce all documents required by Rule 26(a)(1).

### F.     Plaintiff's Request to Stay and Bifurcate

Under Rule 42(b) of the Federal Rules of Civil Procedure, a court may order a separate trial of one or more separate issues. Fed. R. Civ. P. 42. "The party seeking severance has the burden of proving that separate trials will (1) promote convenience, (2) expedite the proceedings, or (3) avoid unfair prejudice to a party." *Stoltenberg v. UNUM Life Ins. Co. of America*, No. 8:04CV288, 2005 WL 6934456, * 2 (D. Nev. Dec. 12, 2005) (citation omitted). In assessing whether bifurcation is appropriate, courts consider "the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." *Id*. "District courts possess broad discretion to bifurcate issues for purposes of trial under Fed. R. Civ. P. 42(b)." *Eischeid v. Dover Const., Inc.*, 217 F.R.D. 448, 466 (N. D. Iowa 2003) (quotation and citation omitted).

Plaintiff has not shown how separating the issues of liability and damages would expedite these proceedings. Plaintiff's claims for liability and damages will likely require similar, if not identical, evidence at trial. Thus, bifurcating trial would result in duplicative proceedings and would not promote convenience or judicial economy. In fact, as explained elsewhere in this Order, given the overlap in evidence, judicial economy would likely be hindered by bifurcation due to inevitable discovery disputes. The parties will most certainly disagree as to whether certain discovery requests seek information related to liability or damages. *See Murphy v. Gospel for Asia, Inc.*, 5:17-cv-5035, 2018 WL 2676681, at *6 (W.D. Ark. June 4, 2018) ("[I]f [the court] attempted to bifurcate discovery, then defining the boundaries of where the overlap ends would consume much more of our time fighting about it than would make any efficiencies to be gained worth it"). Plaintiff also has not demonstrated that a joint trial would lead to confusion or inconsistent results. Additionally, Plaintiff has not explained how it would be prejudiced by a joint trial. Plaintiff's seeming desire to reduce expense through staged discovery does not, standing alone, warrant bifurcation. Therefore, Plaintiff's request for bifurcation will be denied.

### 2.     Defendant's Motion for Authority to Issue Subpoenas Duces Tecum

Plaintiff argues the proposed subpoenas relate solely to damages and have no connection to its liability claims or the defenses in this action. According to Plaintiff, because discovery

11

requests aimed at damages are irrelevant at this point, the proposed subpoenas should not issue. Plaintiff also objects to the proposed subpoenas on the basis that they seek discovery which would infringe upon the First Amendment.

Because the Court finds there is no reason to postpone damages discovery, the Court will grant Defendant leave to issue subpoenas upon CharterWest, Wayne State, and VP Buildings. The proposed subpoenas seek information that is relevant to the claims and defenses in this suit. Also, for the reasons stated previously, the Court rejects Plaintiff's contention that its members' constitutional rights would be violated through the production/request of the desired materials. Therefore, Defendant's Motion for Authority to Issue Subpoenas Duces Tecum will be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Partial Stay or Protective Order and to Bifurcate (Filing No. 74) is denied; (2) Defendant's Motion to Compel, to Deem Certain Requests Admitted and to Expedite Briefing (Filing No. 77) is granted, in part, as set out above; and (3) Defendant's Motion for Authority to Issue Subpoenas Duces Tecum (Filing No. 95) is granted. Plaintiff must supplement its responses to Defendant's discovery requests, produce a privilege log, and provide the documents required by Federal Rule of Civil Procedure 26(a)(1) by July 24, 2020.

Dated this 24th day of June, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge