IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LIGHT OF THE WORLD GOSPEL MINISTRIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VILLAGE OF WALTHILL, Nebraska; <br><br> Defendant. | 8:18CV312 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Partial Summary Judgment, ECF No. 106, and Objection to Magistrate Judge's Order, ECF No. 117,[1] filed by Plaintiff Light of the World Gospel Ministries, Inc. (LOTW), and the Motion to Deny LOTW's Motion for Summary Judgment Without Prejudice, ECF No. 122, filed by Defendant Village of Walthill.

## BACKGROUND

LOTW brings this case under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, seeking declaratory, injunctive, and monetary relief. ECF No. 13. LOTW alleges that the Village discriminated against LOTW in violation of the Constitution and various civil rights statutes and violated Nebraska open meetings and public records laws.

There have been several discovery disputes and contested pretrial matters in this case. On June 24, 2020, Magistrate Judge Susan M. Bazis issued an Order (June 24 Order), ECF No. 114, ruling on three nondispositive pretrial motions. The June 24 Order denied LOTW's Motion for a Partial Stay or Protective Order and to Bifurcate, ECF No.

---

[1] LOTW filed a redacted version of this document at ECF No. 115. However, the Court will address the unredacted, restricted version filed at ECF No. 117.

74; granted, in part, the Village's Motion to Compel, to Deem Certain Requests Admitted, and to Expedite Briefing, ECF No. 77; and granted the Village's Motion for Authority to Issue Subpoenas Duces Tecum, ECF No. 95. The June 24 Order also ordered LOTW to supplement its responses to the Village's discovery requests, to produce a privilege log, and to provide documents required by Federal Rule of Civil Procedure 26(a)(1) by July 24, 2020.

## STANDARD OF REVIEW

I. **Objection to Magistrate Judge's Order**

The authority of federal magistrate judges is established by 28 U.S.C. § 636. Magistrate judges may be designated "to hear and determine any [nondispositive] pretrial matter pending before the court . . . ." § 636(b)(1)(A). A party who wishes to object to the magistrate judge's order must file an objection within fourteen days of being served with a copy of the order. Fed. R. Civ. P. 72; NECivR 72.2. The objection must specify "(1) the parts of the order . . . to which the party objects and (2) the legal basis of the objections." NECivR 72.2(a).

Upon review of a magistrate judge's order deciding a nondispositive pretrial matter, a district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72; *see also* § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633

2

F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

## II. Rule 56(d)

Federal Rule of Civil Procedure 56(d) provides:

**When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "The general rule is that summary judgment is appropriate 'only after the nonmovant has had adequate time for discovery.'" *Jackson v. Riebold*, 815 F.3d 1114, 1121 (8th Cir. 2016) (quoting *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 894 (8th Cir. 2014)). "Pursuant to Rule 56(d), a party opposing summary judgment may move for a continuance 'until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition' to a summary-judgment motion." *Id.* (quoting *Toben*, 751 F.3d at 893).

The party seeking additional discovery must establish "(1) that [he] ha[s] set forth in affidavit form the specific facts that [he] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." *Id.* (alteration in original) (quoting *Toben*, 751 F.3d at 895). "As to the second element, '[i]t is well settled that Rule 56([d]) does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of [unlawful conduct].'" *Id.* (alteration in original) (quoting *Toben*, 751 F.3d at 895).

## DISCUSSION

LOTW argues the magistrate judge erred by requiring LOTW to submit to discovery regarding damages and to disclose the identity of its members. The Village argues it has not received discovery sufficient to defend against LOTW's Motion for Partial Summary Judgment.

## I. Objection to Magistrate Judge's Order

LOTW argues the June 24 Order:

1. failed to consider controlling law that will require the parties to conduct damages discovery twice[;]

2. ignored controlling law and evidence of prejudice to LOTW and the impossibility of setting the parameters of immediate damages discovery; and

3. failed to consider controlling law and undisputed evidence of violence perpetrated against LOTW members.

Pl.'s Br., ECF No. 117 at Page ID 2664.

*A. Damages Discovery*

The June 24 Order denied LOTW's Motion for Partial Stay or Protective Order and to Bifurcate, ECF No. 74, requesting the Court to stay or issue a protective order to postpone discovery regarding damages and granted the Village's Motion to Compel, ECF No. 77, ordering LOTW "to supplement its answers to Defendant's discovery requests." ECF No. 114 at Page ID 2632. LOTW's arguments relying on the Declaratory Judgment Act and the cases cited by LOTW do not show that the June 24 Order was contrary to law or clearly erroneous.

LOTW argues that under the Declaratory Judgment Act, it may choose not to pursue damages under 28 U.S.C. § 2202 until after it obtains declaratory relief under § 2201. Pl.'s Br., ECF No. 117 at Page ID 2665 (citing *Happy Chef Systems, Inc. v. John Hancock Mutual Life Insurance Co.*, 933 F.2d 1433 (8th Cir. 1991)).

4

LOTW also argues the June 24 Order creates a situation in which the parties will conduct damages discovery twice—once now, and again when LOTW decides to pursue damages. LOTW does not explain why discovery could not be tailored to prevent duplication.

As the June 24 Order states, "[t]he Amended Complaint seeks nominal and compensatory damages. Defendant has the right to explore this claim for relief." June 24 Order, ECF No. 114 at Page ID 2632 (citing *McAllister-Lewis v. Goodyear Dunlop*, No. 4:14-CV-04103-LLP, 2015 WL 4886539, at *11 (D.S.D. Aug. 17, 2015)). The magistrate judge also found that "separating damages and liability discovery will likely increase the number of discovery disputes." *Id.* LOTW has not shown these findings to be clearly erroneous. Therefore, LOTW's objection to the June 24 Order regarding damages discovery will be overruled.

### B. Discovery Objections Based on the First Amendment

The Village seeks "information such as the names of prospective congregants, the identity of Plaintiff's volunteers, and monetary gifts Plaintiff received." June 24 Order, ECF No. 114 at Page ID 2633. LOTW objected on the grounds of First Amendment privilege. The June 24 Order found LOTW's "objections based on the First Amendment are without merit." June 24 Order, ECF No. 114 at Page ID 2633.

LOTW argues that under *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958), and its progeny, LOTW cannot be compelled to disclose its membership lists without violating its freedom of association under the First and Fourteenth Amendments.

In the Eighth Circuit, the party claiming a First Amendment privilege has the burden of "making a prima facie showing of arguable First Amendment infringement . . . ." *United*

5

*States v. Citizens State Bank*, 612 F.2d 1091, 1094 (8th Cir. 1980). Once this showing is made, "the burden then shift[s] to the government to make the appropriate showing of need for the material." *Id.* (citing *Pollard v. Roberts*, 283 F. Supp. 248, 256–57 (E.D. Ark. 1968), *aff'd,* 393 U.S. 14 (1968) (per curiam) ("[D]isclosure of the identities of members of the group can be compelled only by showing that there is a rational connection between such disclosure and a legitimate governmental end, and that the governmental interest in the disclosure is cogent and compelling.")).

The "freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the 'liberty' assured by the Due Process Clause of the Fourteenth Amendment, which embraces freedom of speech." *NAACP*, 357 U.S. at 460 (citing *Staub v. City of Baxley*, 355 U.S. 313 (1958); *Cantwell v. Connecticut*, 310 U.S. 296 (1940); *Palko v. Connecticut*, 302 U.S. 319 (1937); *Gitlow v. New York*, 268 U.S. 652 (1925)). Compelled disclosure of membership in a religious organization group could constitute a method of curtailing the right of association under the Fourteenth Amendment. *Id.* at 462 ("'A requirement that adherents of particular religious faiths or political parties wear identifying arm-bands, for example is obviously of this nature.' Compelled disclosure of membership in an organization engaged in advocacy of particular beliefs is of the same order.").

In *NAACP*, the Court stated that whether the governmental action is justified "turns solely on the substantiality of [the government's] interest in obtaining the membership lists." *Id.* at 464. The state's primary reason for requesting the membership lists was "to determine whether [the Association] was conducting intrastate business in violation of the Alabama foreign corporation registration statute . . . ." *Id.* The Court found that the

disclosure of the members had no bearing on the merits because the Association had admitted its intrastate conduct, offered to comply with the qualification statute, and complied with the entirety of the production order other than the membership lists. *Id.* The Court held that the immunity from state scrutiny was related to the rights of the members to "pursue their lawful private interests privately" and the state fell short of "showing a controlling justification for the deterrent effect on the free enjoyment of the right to associate which disclosure of membership lists is likely to have." *Id.* at 466.

In the June 24 Order, the magistrate judge, persuaded by the reasoning in *World Mission Society Church of God v. Colon*, No. BERL527412, 2013 WL 10569108 (N.J. Super. Ct. Law Div. Aug. 7, 2013), found that the Village had such a controlling justification. June 24 Order, ECF No. 114 at Page ID 2633. Unlike in *NAACP*, LOTW initiated this litigation and claims that it "has suffered financial losses, decreased membership, and difficulty recruiting members based on actions purportedly taken by Defendant." *Id.* LOTW argues that the identity of its members is not relevant because it does not seek damages regarding loss of members; however, LOTW's Amended Complaint belies the arguments of its counsel. The Amended Complaint makes clear that part of its claimed injury is that it has lost members and has been unable to recruit members due to the Village's actions:

> 20. Prospective members desiring to worship with LOTW have chosen not to worship with the Church due to the overcrowded condition of LOTW's Current Building.
>
> 21. LOTW's Current Building prevents and has prevented the Church from growing, and so directly hinders LOTW from living out its sincerely held beliefs.
>
> 22. LOTW congregants have stopped attending the Church because its Current Building is overcrowded.

> 23. Potential members of LOTW have been inhibited from coming because there is no room or the only room is immediately in the front of the service.

Am. Compl., ECF No. 13 at Page ID 110–11.

While it is true that "the freedom to associate for the advancement of religious beliefs is no less protected than the freedom to associate for the advancement of beliefs that are political, economic or cultural in nature," *Chess v. Widmar*, 635 F.2d 1310, 1315 (8th Cir. 1980), LOTW's current and prospective members are of consequence in this case because LOTW made them so. Therefore, the June 24 Order was not contrary to law nor clearly erroneous.

## II. Rule 56(d) Motion

LOTW has moved for summary judgment on its claim that the Village violated its right to freedom of speech. The Village argues that it should not be required to resist LOTW's motion when discovery has not been completed.

"The general rule is that summary judgment is appropriate 'only after the nonmovant has had adequate time for discovery.'" *Jackson*, 815 F.3d at 1121 (quoting *Toben*, 751 F.3d at 894). However, "[a] summary judgment motion is not prematurely filed merely because discovery is not complete." *Laredo Ridge Wind, LLC v. Neb. Pub. Power Dist.*, No. 8:19CV45, 2020 WL 469678, at *3 (D. Neb. Jan. 29, 2020); *see also United States ex rel. Small Bus. Admin. v. Light*, 766 F.2d 394, 397 (8th Cir. 1985) (per curiam) ("[Rule 56(d)] does not require trial courts to allow parties to conduct discovery before entering summary judgment." (citing *Brown v. Chaffee*, 612 F.2d 497, 504 (10th Cir. 1979))). For a party to show that it is entitled to Rule 56(d) relief, it must show that: (1) it has set forth by affidavit or declaration the specific facts it hopes to elicit from further discovery, (2) the facts sought exist, and (3) these facts are essential to resist summary

8

judgment. *Jackson*, 815 F.3d at 1121 (citing *Toben*, 751 F.3d at 894). But "these requirements are not inflexible and . . . district courts are vested with considerable discretion in their administration." *Jacobs v. PT Holdings, Inc.*, No. 8:11CV106, 2012 WL 705772, at *2 (D. Neb. Mar. 2, 2012) (quoting *Resol. Tr. Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994)). "As a result, district courts may relax, or even excuse, one or more of those requirements." *Id.* (citing *Resol. Tr. Corp.*, 22 F.3d at 1203). Of primary consideration in deciding a Rule 56(d) motion is that the party opposing summary judgment has shown that "it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(d).

The Village has not had an adequate opportunity to conduct discovery at this point, more than two years after LOTW filed its original complaint. As explained in more detail above and in the June 24 Order, LOTW has filed meritless objections to almost all the Village's discovery requests. Nonetheless, LOTW filed a motion for summary judgment while significant discovery disputes were pending before the Court. The Village has not received requested documents from LOTW and has not had the opportunity to depose LOTW's declarants or its representative.

The Court finds that the Village has shown that "it cannot present facts essential to justify its opposition" to LOTW's motion. Fed. R. Civ. P. 56(d). Therefore, its Rule 56(d) motion will be granted. LOTW's Partial Motion for Summary Judgment will be denied without prejudice to reassertion.[2]

---

[2] The Court also finds this course of action to be in the interest of judicial economy. LOTW moves for summary judgment on only one count of its amended complaint. Regardless of the outcome of the pending summary judgment motion, the parties will still conduct discovery regarding the remainder of LOTW's claims, including the discovery ordered by the June 24 Order. The Village has also indicated that it likely will move for summary judgment. Allowing the Village a full opportunity to respond, and resolving both parties' motions for summary judgment together, will allow for a more efficient resolution of the issues.

9

Accordingly,

IT IS ORDERED:

1. LOTW's Objections to the Magistrate Judge's Orders, ECF No. 117, are overruled;

2. The Village's Motion to Deny LOTW's Motion for Summary Judgment Without Prejudice, ECF No. 122, is granted; and

3. LOTW's Motion for Partial Summary Judgment, ECF No. 106, is denied without prejudice to reassertion following discovery.

Dated this 31st day of August, 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge