IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **LIGHT OF THE WORLD GOSPEL MINISTRIES, INC.,** | ) ) ) | Case No. 8:18-cv-312 |
| **Plaintiff,** | ) ) | |
| v. | ) ) ) | **SIXTH AMENDED FINAL PROGRESSION ORDER** |
| **VILLAGE OF WALTHILL, NEBRASKA,** | ) ) ) ) | |
| **Defendant.** | | |

This matter is before the Court on Defendants' Motion to Extend Expert Disclosure Deadlines. (Filing No. 144.) The motion is granted. Accordingly,

IT IS ORDERED that the provisions of the Court's earlier final progression orders remain in effect, and in addition to those provisions, the following shall apply:

1. The trial and pretrial conference will not be reset at this time. The status conference presently set for February 22, 2021 is canceled. A telephonic conference to discuss **case progression, the parties' interest in settlement, and the trial and pretrial conference settings** remains as scheduled with the undersigned magistrate judge on **March 25, 2021 at 2:00 p.m.** Counsel shall use the conferencing instructions assigned to this case to participate in this conference. ([Filing No. 43](#).)

2. Written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure will be completed by **January 15, 2021**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **January 29, 2021**.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3. Experts. The deadlines for identifying expert witnesses expected to testify at the trial, both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(q), are:

   | | |
   |---|---|
   | For the plaintiff(s): | **November 16, 2020** |
   | For the defendant(s): | **December 28, 2020** |
   | Plaintiff(s) rebuttal: | **January 19, 2021** |

4. The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

   | | |
   |---|---|
   | For the plaintiff(s): | **December 28, 2020** |
   | For the defendant(s): | **January 29, 2021** |
   | Plaintiff(s) rebuttal: | **February 22, 2021** |

5. The deposition deadline is **February 26, 2021 for fact depositions** and is **April 2, 2021 for expert depositions.**

   a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 12.

   b. Depositions will be limited by Rule 30(d)(1), except as follows: 30(b)(6) depositions will not be limited by Rule 30(d)(1) if warranted based on the subjects of discovery.

6. The deadline for filing Motions to dismiss and motions for summary judgment is **April 30, 2021**.

7. The deadline for filing Motions to exclude testimony on *Daubert* and related grounds is **April 30, 2021**.

8. Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

9. The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

10. All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

DATED this 4th day of January, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.