IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LIGHT OF THE WORLD GOSPEL MINISTRIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VILLAGE OF WALTHILL, Nebraska; <br><br> Defendant. | 8:18-CV-312 <br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on the parties' Joint Motion to Approve Proposed Consent Decree. Filing 164. The parties request the Court to adopt, sign, and enter their proposed Consent Decree. Filing 164 at 1-2.

"Consent decrees should: spring from—and serve to resolve—a dispute within the court's subject-matter jurisdiction; come within the general scope of the case from the pleadings; and, further the objectives of the law on which the complaint was based." *E.E.O.C. v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172 (8th Cir. 2012) (citing *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525, 106 S. Ct. 3063, 92 L. Ed. 2d 405 (1986)). "When reviewing a proposed consent decree, the trial court is to review the settlement for fairness, reasonableness, and adequacy." *Id.* (quoting *United States v. Metro. St. Louis Sewer Dist. (MSD)*, 952 F.2d 1040, 1044 (8th Cir. 1992)).

1

"Entry of a consent decree is a judicial act and is left to the district court judge's informed discretion." *Phelps-Roper v. Heineman*, 710 F. Supp. 2d 890, 898 (D. Neb. 2010) (citing *Missouri v. Indep. Petrochemical Corp.*, 104 F.3d 159, 162 (8th Cir. 1997). "[S]trangers to a consent decree generally do not have standing to enforce a consent decree." *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 958 (8th Cir. 2002). To enforce a consent decree, a third party must "show that the parties to the consent decree . . . intended to confer a benefit upon that third party" and also intended to give the third party "a legally binding and enforceable right to that benefit." *Id.* "When construing a consent decree, courts are guided by principles of contract interpretation and, where possible, will discern the parties' intent from the unambiguous terms of the written consent decree, read as a whole." *Id*; *see also United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 238 (1975) ("Since a consent decree or order is to be construed for enforcement purposes basically as a contract, reliance upon certain aids to construction is proper, as with any other contract.").

The proposed Consent Decree includes an agreement by Plaintiff to add design features to its building and to allow two commercial businesses to operate in its facility for an extended period. Filing 164-9 at 4-8. Additionally, the proposed Consent Decree requires Defendant to pay $500,000.00 to the Court's registry, which are to be disbursed to "potential claimants" through a court order. Filing 164-9 at 15. In turn, Plaintiff agrees to notify "any and all potential claimants of the [$500,000.00]." Filing 164-9 at 15. Defendant takes no position on apportioning and disbursing the funds. Filing 164-9 at 15.

The Court concludes that, as it is currently written, it would not be able to enforce the consent decree in the event a third party makes a claim to the funds paid by Defendant. The proposed consent decree does not provide any way for the Court to identify who the claimants to

the $500,000.00 are and how much money they should receive. In the event of a dispute, the Court would be unable to resolve it by construing the consent decree using contract principles. *See ITT Cont'l Baking Co.*, 420 U.S. at 238 (noting that "a consent decree . . . is to be construed for enforcement purposes basically as a contract"). Nor would a claimant be able to prove that "the parties to the consent decree . . . intended to confer a benefit upon that third party . . . [and] intended to give that third party a legally binding and enforceable right to that benefit." *Pure Country, Inc.*, 312 F.3d at 958.

To properly enforce this agreement, the Court would need to know the identities of the claimants and to what amount each claimant is entitled. Alternatively, since Defendant takes no position on apportioning and disbursing the funds, a simpler solution would be to provide in the consent decree that the $500,000.00 shall be given directly to Plaintiff. Either route would provide this Court standards by which it could enforce the consent decree. However, as it is currently written, the consent decree is unenforceable. Accordingly,

IT IS ORDERED:

1. The Joint Motion to Approve Consent Decree, Filing 164, is denied.

Dated this 15th day of October, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge

3